IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**NUTRIEN AG SOLUTIONS, INC. f/k/a**                                                              **PLAINTIFF**
**Crop Production Services, Inc.**

**V.**                                                                                                  **NO. 4:18-CV-237-DMB-JMV**

**DC FARMS, LLC, and**
**CHRISTOPHER DALTON CUMMINGS**                                               **DEFENDANTS**

## ORDER

Before the Court is Nutrien Ag Solutions, Inc.'s motion for default judgment. Doc. #12.

## I
## Procedural History

On November 20, 2018, Nutrien Ag Solutions, Inc. f/k/a Crop Production Services, Inc. filed a complaint in the United States District Court for the Northern District of Mississippi against DC Farms, LLC, and Christopher Dalton Cummings. Doc. #1. The complaint asserts diversity jurisdiction based on allegations of complete diversity, and alleges claims for breach of contract seeking "the amount of $76,348.35, both pre- and post-judgment interest and reasonable attorneys' fees, costs and interest to the extent allowed by law." *Id*. at 3. The claims arise from an alleged breach of a $55,967.00 promissory note executed by DC Farms and guaranteed by Cummings. *Id*. Cummings and DC Farms were personally served with copies of the summons and complaint on March 5, 2019. Docs. #6, #7.

On March 27, 2019, Nutrien moved for entry of default based on the defendants' failure to answer or otherwise respond to the complaint. Doc. #9. Default was entered against the defendants two days later. Docs. #10, #11. The same day as the entries of default, Nutrien filed a motion for default judgment. Doc. #12.

On June 10, 2019, this Court, noting deficient citizenship allegations and the apparent discrepancy between the amount of the note and the amount sought in damages, directed Nutrien to show cause why the case should not be dismissed for lack of subject matter jurisdiction. Doc. #13. The order provided that "Nutrien may file an amended complaint pursuant to 28 U.S.C. § 1653 to correct or supplement its jurisdictional allegations by properly asserting the citizenship of DC Farms and the grounds for claiming the requisite amount in controversy." *Id*. at 2. Nutrien filed an amended complaint and a response to the order to show cause on June 24, 2019. Docs. #14, #15.

## II
## Subject Matter Jurisdiction

Section 1332, the diversity jurisdiction statute, requires both complete diversity and an amount in controversy in excess of $75,000. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018). Complete diversity requires that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Moss v. Princip*, 913 F.3d 508, 514 (5th Cir. 2019). And, "[w]here the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." *Allen v. R & H Oil & Gas. Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). An allegation is not made in good faith if it is "a legal certainty that the claim is really for less …." *Id*. At all times, "[t]he party seeking the federal forum has the burden of establishing diversity jurisdiction." *Bynane v. Bank of N.Y. Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 355 (5th Cir. 2017).

Nutrien's amended complaint adequately pleads complete diversity by alleging that Nutrien is a corporation organized under the laws of Delaware with its principal place of business

in Colorado;[1] Cummings is a citizen of Mississippi; and DC Farms is a limited liability company with Cummings as its only member.[2] Doc. #15 at 1.

As for the amount in controversy, Nutrien argues the jurisdictional threshold is met because, pursuant to the promissory note and guaranty, it is entitled to recover from both defendants the amount of $75,275.61, which is the total of (1) the principal sum of $55,967.00; (2) 9.50% in pre-maturity interest in the amount of $4,489.89;[3] and (3) reasonable attorney's fees of 25% of the principal and interest, which is $15,055.12. Doc. #14.

It is axiomatic that the principal amount of a promissory note is properly considered in the amount in controversy. *Wilson v. All. Life Ins. Co.*, 108 F.2d 150, 152–53 (5th Cir. 1939). Pre-maturity interest on a note is also properly considered. *Danial v. Daniels*, 162 F. App'x 288, 290–91 (5th Cir. 2006) (citing *Greene County v. Kortrecht*, 81 F. 241 (5th Cir. 1897)). Finally, where, as here, attorney's fees are authorized by contract under applicable law,[4] such fees are also considered. *Crescent Lumber & Shingle Co. v. Rotherum*, 218 F.2d 638, 639 (5th Cir. 1955). Because the principal amount of the note, the pre-maturity interest, and the recoverable attorney's fees[5] in this case exceed the jurisdictional amount, the Court concludes the amount-in-controversy requirement is satisfied. The Court therefore has diversity jurisdiction over this case.

---

[1] *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (corporation is citizen of place of incorporation and principal place of business).

[2] *See Greenwich Ins. Co. v. Capsco Indus., Inc.*, 934 F.3d 419, 422 (5th Cir. 2019) ("The citizenship of an LLC is determined by the citizenship of each of its members.").

[3] Based on the Court's calculation, this sum appears to be $4,428.29. This discrepancy does not alter the jurisdictional inquiry.

[4] Mississippi law authorizes attorney's fees in breach of contract cases when there is a provision for such in the contract. *Bluewater Logistics, LLC v. Williford*, 55 So. 3d 148, 164 (Miss. 2011).

[5] As discussed below, Nutrien's motion for default judgment seeks less than the amount of attorney's fees authorized by agreement. This does not deprive the Court of jurisdiction. *See Barcume v. Cortes*, 24 F. App'x 754, 756 (9th Cir. 2001) (amount in controversy satisfied despite plaintiff's decision to seek default judgment of amount below threshold).

# III
# Default Judgment

Pursuant to "Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff." *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). "Under Fifth Circuit law, there are three steps to obtaining a default judgment: first, default by the defendant; second, clerk's entry of default; and third, entry of a default judgment." *Gray v. MYRM Holdings, L.L.C.*, No. A-11-cv-180, 2012 WL 2562369, at *3 (W.D. Tex. June 28, 2012) (citing *N.Y. Life. Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)) (emphases omitted). The first two steps have been satisfied here.[6] Thus, the only issue left to consider is whether default judgment should be entered. In making this determination, the Court conducts a three-question analysis: (1) "whether the entry of default judgment is procedurally warranted;" (2) "whether there is a sufficient basis in the pleadings for the judgment;" and (3) "what form of relief, if any, the plaintiff should receive." *J & J Sports*, 126 F. Supp. 3d at 814.

### A. Procedural Justification

In determining whether a default judgment is procedurally warranted, a court should consider (1) "whether material issues of fact are at issue;" (2) "whether there has been substantial prejudice;" (3) "whether the grounds for default are clearly established;" (4) "whether the default was caused by a good faith mistake or excusable neglect;" (5) "the harshness of a default judgment;" and (6) "whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

---

[6] Because the amended complaint is substantively identical to the original complaint, its filing does not alter the previously entered default or prevent the entry of a default judgment. *W. Sur. Co. v. Leo Constr., LLC*, No. 3:12-cv-1190, 2013 WL 144097, at *10 (D. Conn. Jan. 11, 2013).

First, where, as here, a party fails to respond to or answer the complaint, there are no material issues of fact at issue. *See John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-cv-4194, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) ("Green Tree has not filed a responsive pleading or otherwise appeared in this case, and thus has not contested any facts presented in Plaintiff's Complaint.").

Second, a failure to respond causes prejudice because "failure to respond … threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests in pursuing its rights afforded by law." *Id*.

Third, as mentioned above, the grounds for default (default and entry of default) have been clearly established.

Fourth, there is no evidence before the Court that the "default was caused by a good faith mistake or excusable neglect." *Id.*

Fifth, the defendants have had approximately eight months to attempt to set aside the default. "[W]hile default judgment is a harsh remedy, any harshness is mitigated [when defendants have] had substantial time to correct the default." *Helena Chem. Co. v. Aylward*, No. 4:15-cv-96, 2016 WL 1611121, at *2 (N.D. Miss. Apr. 21, 2016).

Finally, if the defendants later seek to challenge the default, the Court is aware of no facts that would make it "obliged to set aside the default." *Id.*

Considering these factors, the Court finds they all weigh in favor of default judgment being procedurally warranted in this case.

### B. Basis in Pleadings

"In light of the entry of default, Defendants are deemed to have admitted the allegations set forth in Plaintiff's Complaint." *J & J Sports*, 126 F. Supp. 3d at 815. "However, [a] defendant

5

is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* at 814 (quotation marks omitted); *see Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.").

Addressing the "sufficient basis in the pleadings" requirement, the Fifth Circuit has stated:

> Despite announcing that a default judgment must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings, the *Nishimatsu* court did not elaborate on these requirements and we have found no guidance in our own cases. Nevertheless, we draw meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint. Rule 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief. The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds upon which it rests. The factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). Detailed factual allegations are not required, but the pleading must present more than an unadorned, the-defendant-unlawfully-harmed-me accusation.

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quotation marks, citations, and alterations omitted).

### 1. Factual allegations

On or about February 14, 2017, Cummings, on behalf of DC Farms, executed a promissory note in favor of Nutrien's corporate predecessor Crop Production Services for a principal amount of $55,967.00, with an annual interest rate of 9.5%. Doc. #1 at ¶ 5; Doc. #1-1. The note required that DC Farms pay the outstanding principal and all accrued unpaid interest on December 15, 2017. Doc. #1-1.[7] In the event of a default, the note authorized an annual 18% interest rate and recovery

---

[7] "Because documents attached to a complaint are deemed part of the pleadings, a court may consider such attachments when determining whether default judgment is appropriate." *Travelers Cas. & Sur. Co. of Am. v. Nelms*, No. 3:16-cv-80, 2017 WL 1101099, at *3 (N.D. Miss. Mar. 22, 2017) (footnote omitted).

of attorney's fees "in the amount of twenty-five (25%) of the principal and interest due together with all court costs incurred in the collection of this Note." *Id.*

Cummings secured the note through a Security Agreement he executed personally, granting Nutrien a security interest in certain crops, farm products, equipment, inventory, and government benefits. Doc. #1 at ¶ 6. Cummings also executed a Continuing Unconditional Guaranty, which guaranteed the payment of all indebtedness owed by DC Farms to Nutrien. *Id.* at ¶ 7. Despite receiving a demand letter from Nutrien, the defendants failed to pay the indebtedness owed. *Id.* at ¶¶ 8–9.

## 2. Claims

Nutrien seeks recovery for DC Farms' breach of the promissory note and Cummings' breach of the continuing guaranty. *See id.* These claims sound in contract. *See Hancock Bank v. Willow Springs Enters., Inc.*, No. 2:16-cv-108, 2017 WL 388830 at *2 (S.D. Miss. Jan. 27, 2017) (breach of promissory note and breach of guaranty claims analyzed as breach of contract claims); *see generally Branch Banking & Tr. Co. v. Mansfield Barbecue, LLC*, No. 3:19-cv-158, 2019 WL 5684430, at *2 (N.D. Tex. Oct. 31, 2019) ("[B]reach of promissory note and breach of guaranty claims are essentially breach of contract claims.").

The elements of a breach of contract claim in Mississippi are "1. the existence of a valid and binding contract; and 2. that the defendant has broken or breached it." *Home Base Litter Control, LLC v. Claiborne County*, 183 So. 3d 94, 102 (Miss. Ct. App. 2015) (citing *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224 (Miss. 2012) (quotation marks and alterations omitted). "[M]onetary damages are a remedy for, not an element of, breach of contract." *Banks*, 90 So. 3d at 1225. For a contract to exist, "six elements must be present: (1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with

legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation." *Estate of Davis v. O'Neil*, 42 So. 3d 520, 527 (Miss. 2010) (quotation marks omitted).

With respect to the promissory note, Nutrien has alleged an agreement between it and DC Farms (two or more contracting parties), involving a loan in exchange for a promise to pay interest (consideration), which includes definite terms, and which was agreed to by both parties. There is no indication any party lacked capacity. *See Parks v. Parks*, 914 So. 2d 337, 341 (Miss. Ct. App. 2005) ("The law presumes that a person is sane and mentally capable to enter into a contract."). Finally, the Court is aware of no prohibition precluding contract formation. Accordingly, Nutrien has alleged the existence of a valid contract. It has also alleged a breach of such contract by alleging that DC Farms has refused to pay the amounts due under the agreement.

Furthermore, as alleged, the guaranty—which Cummings executed, was supported by the consideration of the grant of the loan to DC Farms, and included definite terms—is also indisputably a valid contract. Nutrien's allegations that Cummings refused to pay the amount due also support a finding that the guaranty was breached. Accordingly, there is a basis in the pleadings to support Nutrien's breach of contract claims against the defendants.

### C. Remedies

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *United States ex rel. M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). "[T]he burden of establishing damages rest[s] squarely on [the plaintiff]." *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011). Generally, a district court may not award damages

without an evidentiary hearing unless "the amount claimed is a liquidated sum or one capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

"The law governing what damages are recoverable is substantive, and therefore in a diversity case state law governs what damages are available for a given claim and the manner in which those damages must be proved." *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 398 (5th Cir. 2013). State law governs prejudgment interest. *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010). Federal law governs post-judgment interest. *Id*. at 173.

Nutrien's motion for default judgment seeks "$76,348.35, plus pre- and post-judgment interest accruing from November 20, 2019 at the contractual rate of 9.5% per annum and reasonable attorneys' fees and costs in an amount not less than $8,930.00 …." Doc. #12 at 1–2.

Under Mississippi law, "[f]or the breach of a contract to pay, the principal with interest is the measure of damages …." *S. Package Corp. v. Walton*, 18 So. 2d 458, 461 (Miss. 1944). Interest is awarded at the contractual rate, so long as such rate does not exceed the maximum charges allowed by Mississippi law. *Tower Loan of Miss., Inc. v. Jones*, 749 So. 2d 189, 192 (Miss. Ct. App. 1999).

Mississippi also authorizes prejudgment interest at a contractually-set rate. *See* Miss. Code Ann. § 75-17-7 ("All judgments or decrees founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered."); *Upchurch Plumbing, Inc. v. Greenwood Utils. Commc'n*, 964 So. 2d 1100, 1119 (Miss. 2007) (§ 75-17-7 authorizes prejudgment interest). Such interest may predate the filing of a complaint. *Arcadia Farms P'ship v. Audubon Ins. Co.*, 77 So. 3d 100, 106–07 (Miss. 2012). However, prejudgment interest is discretionary. *Biel Reo, LLC v. Lee Freyer Kennedy Crestview, LLC*, 242 So. 3d 833, 845 (Miss. 2018). In exercising discretion, courts decline to award contractual pre-

9

judgment interest when a plaintiff recovers contractual interest as an element of damages. *See e.g.*, *Comput. Sys. Eng'g, Inc. v. Qantel Corp.*, 740 F.2d 59, 71 (1st Cir. 1984) (denial of statutory prejudgment interest proper where "unsegregated proof of damages included interest factors").

Here, the promissory note and guaranty provided for $55,967.00 in principal, and an initial interest rate of 9.5%. *See* Doc. #15-1 at 1. In the event the principal was not paid on December 15, 2017, the documents gave Nutrien the right "to increase the interest rate … to a default rate … equal to eighteen (18.00%) percent per annum …." *Id*. In substance, these provisions authorize recovery of three amounts: (1) the principal; (2) interest on the principal accrued at a rate of 9.5% until the date Nutrien elected to increase the interest rate, or until the date of judgment if Nutrien did not elect to increase the interest rate; and (3) if Nutrien elected to increase the rate, interest in the amount of 18% from the date of increase until the date of judgment. Nutrien has failed to provide evidence showing it increased the interest rate under the note. Thus, the recoverable damages are the principal of $55,967.00 plus 9.5% annual interest until the date of judgment. This award of contractual interest obviates the need for a prejudgment interest award.

Similarly, while attorney's fees are indisputably authorized by the note, such fees must be reasonable. *See Dynasteel Corp. v. Aztec Indus., Inc.*, 611 So. 2d 977, (Miss. 1992) (noting one-third fee for indebtedness presumptively reasonable but still subject to evaluation under "common factors for determining the reasonableness of an attorneys' fee award"). Nutrien's motion offers no basis for this Court to evaluate the reasonableness of the requested fees of $8,930.[8]

Finally, under federal law, post-judgment interest "is awarded as a matter of course." *Meaux*, 607 F.3d at 173. "Such interest shall be calculated from the date of the entry of the

---

[8] Nutrien submitted an affidavit from one of its attorneys (which was not filed as a separate exhibit as required by the Court's local rules) stating only that "[t]he total fees and expenses incurred by our firm related to the prosecution of the referenced case and events leading thereto, both billed and unbilled, are in the amount of $8,930.00." Doc. #12 at Ex. 1.

judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a). Nutrien is indisputably entitled to such interest.

## IV
## Conclusion

Nutrien's motion for default judgment [12] is **GRANTED in Part and DENIED without prejudice in Part**. The motion is GRANTED with respect to the issue of liability and is DENIED without prejudice with respect to damages, for the reasons above. In the absence of additional evidence or argument from Nutrien within seven days of this order, the Court intends to enter a final judgment consistent with the damages calculation set forth in this order.

**SO ORDERED**, this 22nd day of November, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**